UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WILLIAM WRIGHT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | NO.: 08 C 2241 |
| ) | |
| VILLAGE OF HOMEWOOD, ) | Judge Joan Lefkow |
| An Illinois Municipal Corporation, ) | Magistrate Judge Brown |
| ) | |
| Defendant. ) | |

### DEFENDANT'S ANSWER TO THE
### COMPLAINT AND AFFIRMATIVE DEFENSES

Now Comes the Defendant, Village of Homewood, by and through its attorneys, Chilton Yambert & Porter LLP, and in Answer to the Plaintiff's Complaint, states as follows:

*Jurisdiction and Venue*

1. The Defendant admits that the Plaintiff purports to invoke jurisdiction pursuant to the cited statutes.

2. Defendant admits that venue is proper pursuant to the cited statute and that the Plaintiff claims the alleged acts complained of occurred within or near Cook County.

3. Defendant admits the allegations contained in Paragraph 3.

4. Defendant admits the allegations contained in Paragraph 4.

5. Defendant admits that Richard Hofeld is an Illinois resident and currently serves as Village President for the Village of Homewood; and answering further, it states that Hofeld was elected Mayor in 1997.

6. Defendant admits the allegations contained in Paragraph 6.

1

7. Defendant admits that Ray Presnak is an Illinois resident and was the former Chief of the Homewood Fire Department; and answering further, it states that Presnak was not appointed to the position of Fire Chief by Mayor Hofeld in 1996; and answering further, it denies the remaining allegations contained in Paragraph 7.

8. Defendant admits that John Elashik is an Illinois resident and was Chairman of the Homewood Fire Department and Police Commission; and answering further, it denies the remaining allegations contained in Paragraph 8.

9. Defendant admits that Wright was born and raised in the Village of Homewood; and answering further, it has no information or knowledge with which to either admit or deny the remaining allegations contained in Paragraph 9.

10. Defendant admits that Wright was a cadet in the Homewood Fire Department.

11. Defendant admits that Wright was a paid on-call firefighter, engineer, and lieutenant in the Homewood Fire Department; and answering further, it has no information or knowledge with which to either to admit or deny the remaining allegations contained in Paragraph 11.

12. Defendant admits that Wright became a full-time firefighter with the Homewood Fire Department; and answering further, it has no information or knowledge with which to either admit or deny the remaining allegations contained in Paragraph 12.

13. Defendant admits that the Homewood Fire Department received letters of thanks on behalf of Wright; and answering further, it admits that Wright was named Fireman of the Year by the Chamber of Commerce in 1993 and 1996.

14. Defendant admits that Wright performed public education services on behalf of the Homewood Fire Department; and answering further, it has no have information or knowledge with which to either admit or deny the remaining allegations contained in Paragraph No. 14.

15. Defendant admits the allegations contained in Paragraph 15.

16. Defendant admits that Wright has received job performance evaluations from his superiors throughout his career, but states that the contents of the evaluations speak for themselves; and answering further, it denies the remaining allegations contained in Paragraph 16.

17. Defendant moves to strike the allegations contained in Paragraph 17 as mere surplusage.

18. Defendant admits that Hofeld served as a Trustee from 1977 through 1979 and was a member of the GHP party.

19. Defendant denies the allegations contained in Paragraph 19.

20. Defendant admits that Hofeld was elected in 1997.

21. Defendant admits that Franz was appointed to the position of Village Manager by the Village Board; and answering further, it denies the remaining allegations contained in Paragraph 21.

22. Defendant has no information or knowledge with which to either admit or deny Wright's efforts to unionize the Homewood Fire Department; and answering further, it denies the remaining allegations contained in Paragraph 22.

23. Defendant admits that Wright served as Union President at some point in time.

24. Defendant has no information or knowledge with which to either admit or deny the first sentence of Paragraph No. 24; and answering further, it denies the remaining allegations contained in Paragraph 24.

25.     Defendant moves to strike the allegations contained in Paragraph 25 as mere surplusage.

26.     Defendant denies the allegations contained in Paragraph 26.

27.     Defendant denies the allegations contained in Paragraph 27.

28.     Defendant admits that the Fire and Police Commission is comprised of three members who are appointed by the Village President with the advice and consent of the Village Board.

29.     Defendant admits that Elashik was Chairman from 2002 to 2007 and that he was appointed by Hofeld with the advice and consent of the Village Board; and answering further, it denies the remaining allegations contained in Paragraph 29.

### *Hinko Allegation*

30.     Defendant admits that Hinko claimed that Wright bumped her in the chest with his shoulder during a parade; and answering further, it has no information or knowledge with which to either admit or deny the remaining allegations contained in Paragraph 30.

31.     Defendant admits the allegations contained in Paragraph 31.

32.     Defendant has no information or knowledge with which to either admit or deny the allegations contained in Paragraph 32.

33.     Defendant has no information or knowledge with which to either admit or deny the allegations contained in Paragraph 33.

34.     Defendant admits that Wright was interviewed and claimed no physical contact with Hinko.

35.     Defendant admits that an investigation was done but denies the remaining allegations contained in Paragraph 35.

36. Defendant admits the allegations contained in Paragraph 36.

37. Defendant admits that Marino prepared a memorandum regarding his investigation, but states that the contents of the memorandum speak for themselves; and answering further, it denies the remaining allegations contained in Paragraph 37.

38. Defendant admits that a hearing was conducted on July 6, 2006; and answering further, it states that at the conclusion of the hearing the Fire and Police Commission found Wright guilty of the charges and that Wright was suspended for 30 days by agreement.

39. Defendant admits the allegations contained in Paragraph 39.

40. Defendant admits that Wright served the 30 day suspension; and answering further, it denies the remaining allegations contained in Paragraph 40.

41. Defendant admits that Wright filed a motion to reopen but states that the motion speaks for itself; and answering further, it denies the remaining allegations contained in Paragraph 41.

42. Defendant admits that the Hinko matter was reopened at Wright's request; and answering further, it denies the remaining allegations contained in Paragraph 42.

43. Defendant moves to strike the allegations contained in Paragraph 43 as mere surplusage.

44. Defendant moves to strike the allegations contained in Paragraph 44 as mere surplusage.

45. Defendant moves to strike the allegations contained in Paragraph 45 as mere surplusage.

46. Defendant moves to strike the allegations contained in Paragraph 46 as mere surplusage.

47. Defendant moves to strike the allegations contained in Paragraph 47 as mere surplusage.

48. Defendant admits that Hinko failed a fire department entrance exam; and answering further, it denies the remaining allegations contained in Paragraph 48.

49. Defendant admits that a press release regarding Prenak's retirement was issued on July 26, 2006.

50. Defendant admits that Liz Moran was a POC and coordinator for the assembly of information for the Emergency Operations Plan and was paid a specialty rate; and answering further, it denies the remaining allegations contained in Paragraph No. 50.

51. Defendant admits that there were stories in the local press about the entrance exam; and answering further, it denies the remaining allegations contained in Paragraph 51.

52. Defendant admits that Wright returned to duty after completing his 30 day suspension; answering further, it admits that there was a meeting between Presnak and Wright; and answering further, it denies the remaining allegations contained in Paragraph 52.

53. Defendant admits that Wright worked a shift with Firefighters Pat Moran, Tom Gaston, and Steve Dijon.

54. Defendant admits that Wright was advised that Moran had filed a battery complaint against him; and answering further, it denies the remaining allegations contained in Paragraph 54.

55. Defendant has no information or knowledge with which to either admit or deny the allegations contained in Paragraph 55.

56. Defendant has no information or knowledge with which either to admit or deny the allegations contained in Paragraph 56.

57. Defendant has no information or knowledge with which either to admit or deny the allegations contained in Paragraph 57.

58. Defendant has no information or knowledge with which either to admit or deny the allegations contained in Paragraph 58.

59. Defendant has no information or knowledge with which either to admit or deny the allegations contained in Paragraph 59.

60. Defendant admits that Moran reported the incident to Presnak on August 9, 2006.

61. Defendant admits the allegations contained in Paragraph 61.

62. Defendant admits that Wright was served with a Local Ordinance Battery Charge Citation.

63. Defendant admits that Wright was questioned by Mitchell who was appointed by the Village to investigate the alleged incident; and answering further, it states that the transcript of the interrogation speaks for itself.

64. Defendant denies the allegations contained in the first sentence of Paragraph 64; and answering further, it states that Henrici was updated on all fire department activities.

65. Defendant admits that Mitchell advised Wright's attorney that the ticket would be dismissed; and answering further, it denies the remaining allegations contained in Paragraph 65.

66. Defendant denies the allegations contained in Paragraph 66.

67. Defendant admits the allegations contained in Paragraph 67.

68. Defendant admits that Henrici filed four charges against Wright based upon Moran's allegations after the Mitchell investigation; answering further, it denies the remaining allegations contained in the first sentence of Paragraph 68; answering further, it states that

7

Henrici was appointed on September 17, 2006; and answering further, it admits that Franz advised Henrici of the Moran allegations prior to his appointment.

69. Defendant admits that the charges were prepared by the Village attorney.

70. Defendant admits that Henrici recommended that Wright be terminated based on the nature of the charges; and answering further, it denies the remaining allegations contained in Paragraph 70.

71. Defendant admits the Fire and Police Commission granted Wright's motion; answering further, it states that the transcript of the hearing speaks for itself; and answering further, it states that the Fire and Police Commission's decision was based on its written findings.

72. Defendant admits that Wright was personally served with a set of charges by Henrici; and answering further, it states that the charges speak for themselves.

73. Defendant admits that the allegations contained in sentence 1 and sentence 2 of Paragraph 73; and answering further, it denies the remaining allegations contained in Paragraph. 73.

74. Defendant admits that its motion was granted by the Fire and Police Commission.

75. Defendant admits that Wright conducted a walk through in the fire department; answering further, it has no information or knowledge as to what Wright or his defense team observed; and answering further, Defendant admits that the roster board is located where alleged.

76. Defendant denies the allegations contained in Paragraph 76.

77. Defendant denies the allegations contained in Paragraph 77.

78. Defendant admits that a motion was filed; and answering further, it states that the content of the motion speak for itself.

79. Defendant denies the allegations contained in Paragraph 79.

80. Defendant denies the allegations contained in Paragraph 80.

81. Defendant admits the allegations contained in Paragraph 81.

82. Defendant denies the allegations contained in Paragraph 82.

83. Defendant admits the allegations contained in Paragraph 83.

### *The Hinko and Moran Hearings*

84. Defendant denies the allegations contained in Paragraph 84.

85. Defendant denies the allegations contained in Paragraph 85, but states that Henrici was replaced as interim chief on July 30, 2007.

86. Defendant moves to strike the allegations contained in Paragraph 86 as mere surplusage.

87. Defendant has no information or knowledge with which to either admit or deny the allegations contained in Paragraph 87.

88. Defendant has no information or knowledge with which to either admit or deny the allegations contained in Paragraph 88.

89. Defendant denies the allegations contained in Paragraph 89.

### *Count I*

### *(42 U.S.C. § 1983, First Amendment, Political Affiliation)*

90. Defendant realleges and incorporates by reference its answers to Paragraph 1 through 89 and for its answer to Paragraph 90 of Count I as though fully set forth herein.

91. Defendant denies the allegations contained in Paragraph 91 of Count I.

92. Defendant denies the allegations contained in Paragraph 92 of Count I.

93. Defendant denies the allegations contained in Paragraph 93 of Count I.

94. Defendant denies the allegations contained in Paragraph 94 of Count I.

95. Defendant denies the allegations contained in Paragraph 95 of Count I.

96. Defendant denies the allegations contained in Paragraph 96 of Count I.

## *Count II*

### *(42 U.S.C. § 1983, First Amendment, Free Speech)*

97. Defendant realleges and incorporates by reference its answers to Paragraphs 1 through 96 as and for its answer to Paragraph 97 of Count II as though fully set forth herein.

98. Defendant denies the allegations contained in Paragraph 98 of Count II.

99. Defendant denies the allegations contained in Paragraph 99 of Count II.

100. Defendant denies the allegations contained in Paragraph 100 of Count II.

101. Defendant denies the allegations contained in Paragraph 101 of Count II.

102. Defendant denies the allegations contained in Paragraph 102 of Count II.

103. Defendant denies the allegations contained in Paragraph 103 of Count II.

104. Defendant denies the allegations contained in Paragraph 104 of Count II.

## *Affirmative Defenses*

1. The allegations in Counts I and II fail to state a cause of action upon which relief can be granted.

2. The allegations in Counts I and II are barred by the applicable statute of limitations.

3. The allegations in Counts I and II do not allege that the Plaintiff spoke as a public citizen regarding a matter of public concern.

4. The allegations in Counts I and II reveal activities disruptive to the Homewood Fire Department so as not to be protected by the First Amendment.

WHEREFORE, the Defendant, Village of Homewood, respectfully requests this Court to deny the relief prayed for by the Plaintiff and that judgment be entered in its favor and against the Plaintiff, together with the costs of this action.

Respectfully submitted,

**s/ Kenneth T. Garvey**
Attorney Bar No.  0920827
CHILTON YAMBERT & PORTER LLP
150 South Wacker Drive, Suite 2400
Chicago, Illinois  60606
Telephone:  (312) 460-8000
Facsimile:  (312) 460-8299
Email:  kgarvey@cyp-law.com

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WILLIAM WRIGHT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   NO.: 08 C 2241 |
| | ) |
| VILLAGE OF HOMEWOOD, | ) |
| An Illinois Municipal Corporation, | ) |
| | ) |
| Defendants. | ) |

**CERTIFICATE OF SERVICE**

    I hereby certify that on September 8, 2008, I electronically filed **Defendant's Answer to the Complaint and Affirmative Defenses,** with the Clerk of the Court using the CM/ECF system which will be electronically transmitted using the CM/ECF system to the following CM/ECF participants:

Martin A. Dolan
Dolan Law Office, P.C.
10 S. LaSalle St., Suite 3712
Chicago, IL  60603
Email:  mdolan@dolanlegal.com

                                          <u>s/ Kenneth T. Garvey</u>
                                          Attorney Bar No.  0920827
                                          CHILTON YAMBERT & PORTER LLP
                                          150 South Wacker Drive, Suite 2400
                                          Chicago, Illinois  60606
                                          Telephone:  (312) 460-8000
                                          Facsimile:  (312) 460-8299
                                          Email:  kgarvey@cyp-law.com